# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| ERNEST ELI COOK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:17-00802 |
| ) | |
| D.L. YOUNG, Warden, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

## FACT AND PROCEDURE

**A.      Criminal Action No. 1:10-cr-00433:**

On March 29, 2011, Petitioner was convicted in the Middle District of North Carolina of one count of Possession of a Firearm by a Convicted Felon (Count One) in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). United States v. Cook, Case No. 1:10-cr-00433 (M.D.N.C. June

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

20, 2011), Document No. 26. On June 20, 2011, the District Court sentenced Petitioner to a 204-month term of imprisonment to be followed by a five-year term of supervised release. Id., Document No. 37.

Petitioner filed his Notice of Appeal on July 10, 2011. Id., Document No. 38. In his appeal, Petitioner argued as follows: (1) The District Court erred in denying his Motion to Suppress; (2) Petitioner's conviction exceeds Congress's authority under the Commerce Clause; and (3) The District Court erred in sentencing Petitioner as an armed career criminal. Id. Subsequently, the parties filed in the Fourth Circuit a joint Motion to Vacate Sentence and Remand For Further Proceeding in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The parties claimed that Petitioner's three North Carolina convictions for breaking and entering into a residence were not properly considered felonies under 18 U.S.C. § 924(e), and Petitioner should not have been subject to the fifteen-year mandatory minimum or classified as an armed career criminal. By Per Curiam Opinion entered on December 7, 2011, the Fourth Circuit affirmed the District Court's denial of Petitioner's Motion to Suppress, affirmed his conviction, vacated his sentence, and remanded to the District Court for resentencing consistent with Simmons. Id., Document No. 27; United States v. Cook, 457 Fed.Appx. 285 (4th Cir. Dec. 7, 2011). Petitioner filed a petition for writ of certiorari, which was denied by the United States Supreme Court on April 2, 2012. Cook v. United States, 566 U.S. 929, 132 S.Ct. 1874, 182 L.Ed.2d 657 (2012).

On July 13, 2012, the District Court resentenced Petitioner to a 78-month term of imprisonment directing that "19 months of this sentence run concurrently with the State sentence and the remainder of the 78 months shall run consecutively." Cook, Case No. 1:10-cr-00433,

Document No. 63. The District Court further imposed a three-year term of supervised release. Id. Petitioner filed his Notice of Appeal. Id., Document No. 61. Counsel filed an Anders Brief certifying that there was no meritorious issue for appeal but questioning whether Petitioner's sentence was greater than necessary to achieve the sentencing goals of Section 3553. Petitioner filed a supplemental brief arguing that the District Court erred in applying a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A) and in its determination of his Criminal History Category. By Per Curiam Opinion entered on February 14, 2013, the Fourth Circuit affirmed Petitioner's sentence. Id., Document No. 68; United States v. Cook, 510 Fed.Appx. 231 (4th Cir. Feb. 14, 2013).

**B.     First Section 2255 Motion:**

On June 8, 2015, Petitioner filed in the Middle District of North Carolina a letter-form Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Cook, Case No. 1:10-cr-00433, Document No. 71. By "Order and Recommendation" entered on July 22, 2015, United States Magistrate Judge Joe L. Webster recommended that Petitioner's letter-form Section 2255 Motion be dismissed without prejudice based upon Petitioner's failure to file using proper forms. Id., Document No. 72.

**C.     Second Section 2255 Motion:**

On July 23, 2015, Petitioner filed in the Middle District of North Carolina his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 78. In his Motion, Petitioner argued that trial counsel was ineffective.[2] Id. The United States filed its

---

[2] In his Section 2255 Motion, Petitioner argued that had his attorney provided effective assistance, Petitioner would have pled guilty resulting in his Sentencing Guideline range being lower because of the acceptance of responsibility reduction. The District Court specifically rejected this argument. The District Court determined that the record clearly reveals that

Response is Opposition on September 29, 2015. Id., Document No. 88. By Memorandum Opinion and Order filed on December 14, 2015, the District Court denied Petitioner's Section 2255 Motion on the merits. Id., Document No. 94. Petitioner filed a Notice of Appeal on December 28, 2015. Id., Document No. 97. On June 23, 2016, the Fourth Circuit dismissed Petitioner's appeal. Id., Document Nos. 102 and 103; United States v. Cook, 667 Fed.Appx. 31 (4th Cir. June 23, 2016).

D.    **Instant Section 2241 Petition:**

On December 12, 2016, Petitioner filed in the North District of West Virginia his instant Petition requesting relief under 28 U.S.C. § 2241 and Memorandum in Support.[3] (Civil Action No. 5:17-00802, Document Nos. 1 and 1-1.) Petitioner alleges that he was entitled to a lower sentencing guideline range based upon acceptance of responsible. (Id., Document No. 1-1.)

---

Petitioner disputed that he was guilty of possession of a firearm. The District Court noted that Petitioner pled not guilty to the charge and put the government to its proof at trial. Therefore, the District Court found that the foregoing did not constitute accepting responsibility.

[3] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beaver, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Petersburg, which is located in the Eastern District of Virginia. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

4

Petitioner contends "that the acceptance of responsibility was denied the defendant by the lower court as part of a procedural error, and violated the Petitioner's Fifth and Fourteenth Amendment rights."[4] (Id.) Petitioner, therefore, requests the Court find that Petitioner qualifies for an acceptance of responsibility reduction and adjust his sentence accordingly. (Id.)

By Order entered on January 23, 2017, the Northern District of West Virginia transferred the case to this District as Petitioner was incarcerated at FCI Beckley, which is located in the Southern District of West Virginia. (Document No. 4.) On January 25, 2017, the undersigned directed Petitioner to either pay the $5.00 filing fee or file an Application to Proceed *in Forma Pauperis* within 20 days from the date of the Order. (Document No. 7.) Petitioner has failed to pay the filing fee or file an Application to Proceed *in Forma Pauperis*. Despite Petitioner's failure, the undersigned will address the merits of his Section 2241 Petition.

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004).

---

[4] Although Petitioner states that the District Court failed to consider whether he qualified for an acceptance of responsibility adjustment under the U.S.S.G., the record clearly reveals otherwise. In denying Petitioner's Section 2255 Motion, the District Court determined that Petitioner disputed his guilt and put the government to its proof at trial. Thus, the District Court found that the forgoing did not constitute acceptance of responsibility.

Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Middle District of North Carolina. Specifically, Petitioner contends that District Court erred by failing to grant him a sentencing reduction based upon his acceptance of responsibility. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned

will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[5]

---

[5] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty

7

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of

---

of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008)("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563, *6 (S.D.W.Va. May 1, 2012)(J. Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. Petitioner argues that the sentencing Court imposed an improper sentence by failing grant him a sentencing reduction for acceptance of responsibility under the Sentencing Guidelines. The undersigned finds that Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. See Boynes,

2012 WL 1569563 at *6("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in *Jones* to encompass the challenge to the sentence based upon a sentence guideline enhancement or a claim of 'actual innocence' of a sentence guideline enhancement."); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Underwood v. Cauley, Case No. 1:11-cv-0217(S.D.W.Va. Aug. 22, 2014)(J.Faber)(finding petitioner's claim that he was actually innocent of being a career offender, a sentencing enhancement, not cognizable under Section 2241); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, at FCI Petersburg, 1060 River Road, Hopewell, VA 23860.

ENTER: August 2, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge